United States District Court
Southern District of New York

\-------------------------------------------------x

KIRK ALLEN,

    Plaintiff,

vs.

WAPPINGER CENTRAL SCHOOL DISTRICT,
SHERRILL MURRAY-LAZARUS and RICHARD
POWELL, sued in their individual capacities,

    Defendants.

\-------------------------------------------------x

**08 CIV. 1310**

**COMPLAINT**

**JUDGE ROBINSON**

By and through his counsel, Michael H. Sussman, plaintiff hereby avers and alleges against defendants:

**PARTIES**

1. Plaintiff Kirk Allen is a male of legal age and African-American origin who resides in this judicial district.

2. Defendant Wappinger Central School District ["WCSD"] is a municipal body corporate organized pursuant to the laws of the State of New York. It operates within this judicial district and may sue and be sued.

3. Defendant Sherill Murray-Lazarus is a Caucasian female

who, at all times relevant, served as principal of Roy C. Ketcham High School, a public high school operated by the WCSD. Her actions and omissions were taken as a state actor and under color of state law.

4. Defendant Richard Powell is a Caucasian male who, at all times relevant, served as Superintendent of Schools for the WCSD. His action and omissions were taken as a state actor and under color of state law.

**JURISDICTION**

5. As plaintiff alleges that defendants and each of them violated rights protected by the Constitution and statutes of the United States, this Honorable Court has jurisdiction pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4) and 42 U.S.C. secs. 1983 and 1988.

**FACTUAL ALLEGATIONS**

6. Effective with the commencement of the 2006-07 school year, defendant WCSD employed plaintiff as a high school math and business teacher on tenure track.

7. At all times, plaintiff well performed the duties and responsibilities assigned to him.

8. Plaintiff became a popular and well-admired teacher at the high school.

9. Plaintiff attended many extra-curricular functions so as to immerse himself in the life of the high school.

10. During the 2006-07 school year, the WCSD employed only one other African-American teacher in the high school and plaintiff was the only male so employed.

11. Defendant Lazarus served as principal of Roy C. Ketcham High School during the 2006-07 school year.

12. Beginning early in the school year, plaintiff perceived defendant Lazarus' disparate treatment of him when compared with similarly-situated Caucasian teachers.

13. For example, when plaintiff sought to assist students during hall duty, defendant Lazarus instructed him not to do so.

14. Plaintiff observed Lazarus pass, without comment, white teachers doing the same thing he had been directed to

desist doing.

15. Likewise, Lazarus made negative comments concerning plaintiff's dress, but allowed, without comment, white teachers to dress less formally

16. In his first two observations, performed in October and December 2006, Marilyn Kovarik, coordinator for math and business education, noted no major issues and rated plaintiff's performance as satisfactory.

17. In March 2007, a third observation rated plaintiff's teaching as satisfactory and found no major issue for concern.

18. None of these observations was conducted by defendant Lazarus.

19. In early May 2007, plaintiff advised members of his department and security personnel that a photographer working with NYSUT [teacher's union] would be coming to school to take photographs of him teaching.

20. Such photographs related to a profile NYSUT was doing on plaintiff.

21. The NYSUT photographer followed written district protocol concerning visitor "sign in" at the high school.

22. Plaintiff contacted the parents of students in the affected class, sought and received their consent to have their children in such photographs.

23. Despite plaintiff's compliance with school protocol as he understood it, defendant Lazarus chastised plaintiff for allowing the photographer in his classroom and, at a meeting on May 11, 2007, told him that he would get a counseling letter.

24. Later the same day, defendant Lazarus advised a union representative that she was going to get plaintiff dismissed as a consequence of the "photographer" incident.

25. On May 22, 2007, plaintiff received notice from defendant Lazarus of a meeting to be held on May 24, 2007.

26. On May 24, 2007, for the first time, defendant Lazarus directed advised plaintiff that she was going forward with her recommendation that he be dismissed.

27. At this meeting, for the first time, defendant Lazarus

claimed that plaintiff was soliciting sales for his new book by announcing that he would be signing copies at Barnes & Noble.

28. Several months earlier, defendant Lazarus encouraged plaintiff to have such a book signing and invite the school community.

29. On June 7, 2007, defendant Lazarus and the coordinator for math and business education met with plaintiff.

30. At this meeting, they presented the unsatisfactory end of year evaluation to plaintiff.

31. Each of the adverse or critical statements in the end of year evaluation is materially false and plaintiff so demonstrated in his written rebuttal.

32. Defendant Lazarus' negative recommendation concerning plaintiff materially influenced defendant Powell's decision, memorialized on May 21, 2007, to recommend to the Board of Education that plaintiff be terminated.

33. On June 5, 2007, defendant Powell supplied four reasons for recommending plaintiff's termination.

34. None of the reasons provided was factual, as stated, or a reasonable or proper basis to terminate a successful teacher. Indeed, the statement of reasons includes out right falsehoods and exaggerations.

35. Defendant Powell failed to perform any due diligence with respect to the reasons adduced in his June 5, 2007 letter.

36. The reasons provided for plaintiff's termination are pretextual, making the defendants' racially discriminatory motives.

37. Plaintiff was subjected to different standards than similarly-situated Caucasian employees.

38. By dint of his termination, plaintiff suffered economic and non-economic damages.

39. By dint of his termination, plaintiff's reputation has suffered and he has been unable to obtain a comparable job within a reasonable geographic area in public education.

40. Plaintiff's termination was malicious and violated clearly established legal rights.

41. Defendant school district has a long policy and practice of not hiring African-Americans qualified to teach and administer in its schools.

42. Plaintiff's termination was consistent with, and informed by, said racially discriminatory policy, practice and custom.

**CAUSES OF ACTION**

43. Plaintiff incorporates para. 1-42 as if fully re-written herein.

44. By terminating plaintiff on the basis of his race, defendant WCSD violated the equal protection clause of the 14th Amendment to the United States Constitution, as made actionable pursuant to 42 U.S.C. sec. 1983, and 42 U.S.C. sec. 1981, as amended.

45. By recommending the termination of plaintiff's employment on the basis of his race, defendants Lazarus and Powell violated the 14th Amendment to the Constitution, as made actionable pursuant to 42 U.S.C. sec. 1983, and 42 U.S.C. sec. 1981, as amended.

## PRAYER FOR RELIEF

## WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT:

a) accept jurisdiction over this matter;

b) empanel a jury to fairly decide all issues within its jurisdiction and authority;

c) award to plaintiff back and front pay, with pre and post-judgment interest;

d) award to plaintiff compensatory damages for the emotional distress, anguish, humiliation and embarrassment occasioned by defendants' conduct;

e) reinstate plaintiff to his position with restoration of lost pension benefits;

f) award as to the individual defendants punitive damages for the malicious and illegal conduct to which they subjected plaintiff;

g) award to plaintiff the attorney fees and costs of this action and

h) enter any other award deemed just and in the interests of justice.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

Counsel for Plaintiff Allen

Dated: 1/21/08