**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

KIRK ALLEN,

                           Plaintiff,                         **ANSWER**

     - against -                                  08-1310
                                             Judge Robinson

WAPPINGERS CENTRAL SCHOOL DISTRICT,
SHERRILL MURRAY-LAZARUS and RICHARD
POWELL, sued in their individual capacities,

                           Defendants.

-----------------------------------------------------------X

       Defendants, by their attorneys, Donoghue, Thomas, Auslander & Drohan, LLP, as and for

their Answer to the Complaint, state as follows:

       1.      Denies having knowledge or information sufficient to form a belief as to the truth of

the allegations of par. "1."

       2.       Admits the allegations of par. "2."

       3.      Admits the factual allegations of par. "3," and refers questions of law contained

therein to the Court for determination.

       4.      Admits the factual allegations of par. "4," and respectfully refers all questions of law

to the Court for determination.

       5.      With regard to par. "5," admits the Court has jurisdiction over the matter.

       6.      With regard to par. "6," admits Plaintiff was employed by the District at the

commencement of the 2006-2007 school year as a high school math and business teacher.

7.      Denies par. "7."

8.      Denies par. "8."

9.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of par. "9."

10.     Admits par. "10."

11.     Admits par. "11."

12.     Denies par. "12."

13.     With regard to par. "13," denies that there existed any disparate treatment of Plaintiff; and asserts that, on at least six separate occasions during the 2006-2007 school year, district and school administrators had to speak with the Plaintiff about supervision of students during the passing of classes.

14.     Denies par. "14."

15.     Denies par. "15."

16.     With regard to par. "16," refers to the content of the observation for their full meaning and import and affirmatively asserts the observations noted Plaintiff had issues with:

- students reporting to class in time;
- reinforcement of school rules and the development of consequences for infractions
- keeping students focused and participating in class activities

17.     With regard to par. "17," refers to the content of the observation for their full meaning and import.

18.     Admits to "18."

19.     With regard to "19," denies having knowledge or information sufficient to form a belief as to the truth of the allegations of par. "19," but asserts he was informed by members of his

2

department, prior to the May 9th, 2007 visit by the photographer, as to the procedures for visitors and photographing of students; that his colleagues provided him with appropriate forms two weeks prior to the visit, and reminded him two days prior to the visit that he needed permission form the principal and coordinator as well as signed permission forms, yet he failed to follow the procedures and obtain the necessary contents with regard to the incident.

20.      Admits the allegations of par. "20."

21.      With regard to "21," admits the photographer signed in but denies the photographer or Plaintiff followed proper protocol while the photographer was at Roy C. Ketcham High School.

22.      Denies par. "22," and affirmatively asserts that authorization for the photograph at issue did not exist, with regard to 11 of the 12 students enrolled in the class at issue, and affirmatively asserts Plaintiff had been advised of the necessity for, yet did not obtain, permission from both the Building Principal and District Coordinator to either have a visitor present in his classroom, or to have the students photographed.

23.      With regard to par. "23," admits Plaintiff was spoken to by the Building Principal, and asserts Plaintiff did not follow the protocol.

24.      Denies par. "24."

25.      Admits par. "25."

26.      Admits par. "26.".

27.      Denies the allegations of par. "27."

28.      Denies par. "28."

29.      Admits par. "29."

30.      Admits par. "30."

31.      Denies par. "31."

32.      Denies par. "32."

33.    Admits par. "33."

34.    Denies par. "34."

35.    Denies par. "35."

36.    Denies par. "36."

37.    Denies par. "37."

38.    Denies par. "38" and affirmatively asserts Plaintiff was not terminated from employment; instead, he submitted a written letter of resignation through counsel, effective June 25, 2007.

39.    Denies par. "39," and asserts, once again, Plaintiff was not terminated, but resigned from his position with the District.

40.    Denies par. "40."

41.    Denies par. "41."

42.    Denies par. "42."

43.    With regard to par. "43," Defendants repeat and reiterate the admissions and denial previously made with the same force and effect as if set forth herein at length.

44.    Denies par. "44."

45.    Denies par. "45."

## FIRST AFFIRMATIVE DEFENSE

46.    Plaintiff was never terminated from employment by the school district; instead, he submitted a written letter of resignation, through his counsel, effective June 25, 2007.

## SECOND AFFIRMATIVE DEFENSE

47.     There existed legitimate, non-discriminating reasons for the recommendations (albeit never acted on), against tenure by the individual defendants; consequently, the Section 1983 and Section 1981 claims should be dismissed, in all respects.

## THIRD AFFIRMATIVE DEFENSE

48.     The individual defendants are entitled to qualified immunity, as their actions were taken in good faith, and are consistent with what any reasonable school administrators might have done, under the existing status of the law.

## FOURTH AFFIRMATIVE DEFENSE

49.     The recommendation to terminate Plaintiff's services was made by some of the same individuals who recommended his initial employment with the District less than one year prior – in particular, Superintendent of Schools Richard A. Powell, and the district-wide Math/Business Coordinator.

## FIFTH AFFIRMATIVE DEFENSE

50.     The Complaint fails to state a separate cause of action pursuant to 42U.S.C.§1983.

WHEREFORE, it is respectfully requested the Complaint be dismissed, together with the costs and disbursements of this action, along with attorney's fees.

Dated:     Hopewell Junction, New York
           March 5, 2008

                    Yours, etc.

                    DONOGHUE, THOMAS, AUSLANDER & DROHAN, LLP

           By:    /s/ Vincent P. D'Andrea

                    Vincent P. D'Andrea (VD6614)
                    Attorneys for Defendants
                    2517 Route 52
                    Hopewell Junction, NY 12533
                    Tel.:    (845) 227-3000
                    FAX:   (845) 227-6873

TO:     Michael H. Sussman, Esq.
        Attorney for Plaintiff
        P.O. Box 1005
        Goshen, New York   10924
        Tel.:    (845) 294-3991
        FAX:   (845) 294-1623